IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER L. ROBINSON,<br><br>                Plaintiff,<br><br>v.<br><br>GREATER PARK CITY CORPORATION d.b.a. PARK CITY MOUNTAIN RESORT, JOHN DOES I-V,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO CONTINUE TRIAL DATE (AND OTHER DEADLINES)<br><br><br><br>Case No. 2:12-CV-485 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion to Continue Trial (and Related Deadlines).[1] For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Plaintiff Christopher L. Robinson is a professional ski instructor. Defendant Greater Park City Corporation is a ski resort located in Utah. Plaintiff was employed by Defendant from 2006 to 2011. After Plaintiff's employment was terminated in 2011, he filed suit asserting claims for gender-based discrimination and retaliation.

Plaintiff filed his Complaint with the Court on May 21, 2012, and served his Complaint on Defendant on September 11, 2012. Defendant submitted its Answer on October 1, 2012.

On December 10, 2012, the Court issued a Scheduling Order setting various deadlines, including a final pretrial conference on June 23, 2014, and a trial date of July 7, 2014. On June 18, 2014, Plaintiff moved to continue the trial and all related deadlines. No other motions have been filed in this case.

---

[1] Docket No. 20.

1

II. DISCUSSION

The Court considers the following factors when considering a motion to continue trial:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [the moving party] might suffer as a result of the district court's denial of the continuance.[2]

These factors are weighed according to the dictates of the case. "No single factor is determinative and the weight given to any one may vary depending on the extent of the appellant's showing on the others."[3]

A.  DILIGENCE

Plaintiff seeks a continuation of the trial because of an employment opportunity that runs for eight weeks beginning in early July and conflicts with the scheduled trial date. Email correspondence attached to Plaintiff's Motion indicates that Plaintiff "could not anticipate the assigned trial date."[4] The correspondence also explains that Plaintiff had "anticipated a long-term employment opportunity for this summer for at least the last six months."[5] Plaintiff attached additional email correspondence from January 2014 confirming that Plaintiff anticipated a two-month obligation beginning in July 2014. More than one year before Plaintiff became aware of this opportunity, the Court's Scheduling Order set the trial date for July 7, 2014. Although Plaintiff anticipated an employment opportunity that would directly conflict with the

---

[2] *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987); *see also Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (considering the same factors in a civil matter).

[3] *West*, 828 F.2d at 1470.

[4] Docket No. 20-1, at 3.

[5] *Id.*

long-standing trial date, Plaintiff did not seek leave to amend the Scheduling Order until now, just over two weeks before trial. The Court is unable to conclude that Plaintiff was diligent in anticipating the scheduling conflict and seeking a continuance of the trial. Moreover, Plaintiff's lack of diligence significantly mitigates the persuasive weight of the remaining factors, as discussed below.

B.  USEFULNESS OF THE CONTINUANCE

Although the Court recognizes that a continuance would allow Plaintiff to accept an employment opportunity, the Court also notes that the scheduling conflict is of Plaintiff's own making. The Court is not inclined to weigh this factor in Plaintiff's favor, where the purpose underlying the request for continuance is a conflict created solely by Plaintiff.

C.  INCONVENIENCE

Defendant does not object to a continuance of the trial date, because the parties have agreed to mediation. Nonetheless, Defendant has explained that it will be prepared for trial, should the original trial date be kept in place. Because the trial date is just over two weeks away, it is reasonable to assume that Defendant has been preparing for trial. The Court finds that it would therefore inconvenience Defendant to continue the trial date at this late stage.

At present, the trial date has been set for a year and a half. Plaintiff admits that he has known of a likely conflict with the current trial date since January. At that point, the trial date had been set for more than a year. The Court's ability to reschedule the trial is mitigated by Plaintiff's five-month delay in seeking a continuance, when the Court and parties are just over two weeks from trial.

D.  NEED AND PREJUDICE

Plaintiff argues that the current trial date prevents him from taking his claims to trial while also accepting a desirable employment opportunity in another state. Specifically, Plaintiff claims that if he is forced to move forward with the original trial date, he will forgo up to $10,000 that he could earn by accepting the position. Litigation often presents scheduling challenges for litigants, including the need to miss work. This case presents such a challenge for Plaintiff. While the Court is sympathetic to Plaintiff's position, the Court is not inclined to give weight to this prejudice where it is a prejudice created solely by Plaintiff.

## III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion to Continue Trial (and Related Deadlines) (Docket No. 20) is DENIED.

DATED this 20th day of June, 2014.

BY THE COURT:

Ted Stewart
United States District Judge