IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER L. ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>GREATER PARK CITY COMPANY d.b.a. PARK CITY MOUNTAIN RESORT, JOHN DOES I-V,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING CASE WITHOUT PREJUDICE<br><br><br>Case No. 2:12-CV-485 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Renewed Motion to Continue the Trial or, in the Alternative, Plaintiff's Request for Dismissal under Federal Rule of Civil Procedure 41(a)(2). For the reasons discussed below, the Court will dismiss this matter without prejudice.

I.  BACKGROUND

Plaintiff filed his Complaint in May 2012.  On December 10, 2012, the Court entered a Scheduling Order setting this matter for trial on July 7, 2014.  After the dispositive motion deadline had passed, the Court issued an Order to Show Cause on March 31, 2014.  The Court did so because neither party had filed anything with the Court since the entry of the Scheduling Order.  Plaintiff responded to the Order to Show Cause, stating that "Plaintiff fully intends to continue to proceed in accordance with the remaining time frames, dates and deadlines set forth in the Scheduling Order" and that "Plaintiff plans to keep the trial dates set forth in the scheduling order and will continue to prepare for such trial (and other pretrial proceedings)."[1]

---

[1] Docket No. 16, at 2.

On June 18, 2014, Plaintiff filed a motion to continue the trial date. Plaintiff explained that he had a job offer in Florida that would make him unavailable for the trial. The Court denied Plaintiff's Motion. The Court pointed out that the Scheduling Order was entered in December 2012 and that Plaintiff was aware of this employment opportunity as early as January 2014, yet he waited until just over two weeks before trial to request a continuance.

The Court conducted a Final Pretrial Conference on June 23, 2014. At that Final Pretrial Conference, Plaintiff's counsel informed the Court that Plaintiff would not attend the trial, though counsel was making efforts to convince Plaintiff to appear. Also at the Final Pretrial Conference, the Court established July 1, 2014, as the deadline for the parties to file various trial documents, including a trial brief, proposed jury instructions, and a proposed verdict form.

On July 1, 2014, Plaintiff did not file the documents required by the Court. Rather, Plaintiff filed the instant Motion to Continue. Plaintiff requests a continuance for three reasons. First, Plaintiff informed his counsel that Plaintiff's father suffered from a heart attack on June 27, 2014, and that Plaintiff must remain in Florida to attend to his father's medical needs, in addition to Plaintiff's work responsibilities that prompted his initial motion to continue. Second, counsel indicated that two of the four witnesses that Plaintiff had subpoenaed had unavoidable conflicts on the dates of trial. Third, Plaintiff represented that the parties had engaged in substantive negotiations, but have not been able to resolve the case. Alternatively, Plaintiff requests dismissal of this action, but requests that any dismissal be without prejudice.

Defendant opposes Plaintiff's Motion. As to Plaintiff's first argument, Defendant argues that there is insufficient evidence from which the Court can form an opinion as to the unavailability of Plaintiff. On Plaintiff' second argument, Defendant points out that the trial date

has been set for a substantial period of time. Thus, arrangements could have been made for these witnesses well in advance of the currently scheduled trial date. Finally, Defendant asserts that there have been no negotiations between the parties since the Final Pretrial Conference. Defendant further argues that dismissal with prejudice is the appropriate remedy.

## II. DISCUSSION

A. CONTINUANCE

The Court considers the following factors when considering a motion to continue trial:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [the moving party] might suffer as a result of the district court's denial of the continuance.[2]

These factors are weighed according to the dictates of the case. "No single factor is determinative and the weight given to any one may vary depending on the extent of the appellant's showing on the others."[3]

Considering these factors, the Court finds that a continuance is not justified. First, the Court finds that Plaintiff has not been diligent. The instant Motion is Plaintiff's latest attempt to delay the trial in this matter. The Court cannot condone such dilatory conduct.

Second, it is unclear whether granting the continuance would accomplish the purpose underlying Plaintiff's expressed need for the continuance. As Defendant points out, Plaintiff has failed to provide the Court with sufficient information for the Court to make an informed

---

[2] *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987); *see also Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (considering the same factors in a civil matter).

[3] *West*, 828 F.2d at 1470.

3

decision. For instance, Plaintiff has failed to provide any information concerning the care he is providing for his father or how long he may need to provide such care. Additionally, Plaintiff's failure to secure witnesses for trial is not an adequate basis to continue. Plaintiff has known of this trial date for well over a year and has had ample opportunity to prepare his witnesses. Accommodations for these witnesses could have, and should have, been made a long time ago. Finally, Plaintiff requests additional time to conduct settlement negotiations. However, Defendant represents that settlement negotiations are not currently ongoing.

Third, the Court finds that Defendant and the Court would be inconvenienced if a continuance is granted. Defendant has spent significant time preparing for trial; efforts that would likely need to be repeated if a continuance is granted. Further, the Court has begun trial preparations, including reviewing Defendant's submissions and sending out notices to potential jurors.

Finally, the Court notes that Plaintiff will likely suffer prejudice as a result of the Court's decision. However, that prejudice is largely of Plaintiff's own making and will be ameliorated by a dismissal without prejudice.

B.   DISMISSAL

The Court next considers Plaintiff's request that this matter be dismissed without prejudice. Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Unless otherwise stated, a dismissal under this rule is without prejudice.[4] "When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer

---

[4] Fed. R. Civ. P. 41(a)(2).

prejudice in the light of the valid interests of the parties.'"[5] "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[6]

> The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation. Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper.[7]

"The district court should endeavor to insure substantial justice is accorded to both parties. A court, therefore, must consider the equities not only facing the defendant, but also those facing the plaintiff; a court's refusal to do so is a denial of a full and complete exercise of judicial discretion."[8]

Considering these factors, the Court finds that dismissal without prejudice is proper. First, the Court notes that Defendant has expended effort and expense preparing for trial. However, the Court also notes that Defendant has not fully complied with the Court's Trial Order. While Defendant did timely submit proposed voir dire, motions in limine, and jury instructions, Defendant failed to file a trial brief, a proposed verdict form, or witness and exhibit lists. Thus, while Defendant has expended some time and effort preparing for trial, it does not appear that Defendant is fully ready to proceed to trial.

---

[5] *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (quoting *Barber v. Gen. Elec. Co.*, 648 F.2d 1272, 1275 (10th Cir. 1981)).

[6] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (quoting *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986)).

[7] *Id.* (citation omitted).

[8] *Id.* (citation omitted).

5

Second, the Court finds that there has been delay and a lack of diligence on Plaintiff's part. Plaintiff waited until just before trial to request a continuance based on facts he knew of well in advance. However, Plaintiff's father's heart attack was not something that could have been anticipated. Additionally, this is the first trial setting in this case and the case itself has only been pending for just over two years. Thus, this factor is largely neutral.

Third, the Court finds that Plaintiff has provided an adequate explanation for the need for dismissal. While Defendant does raise valid concerns about the lack of evidentiary support for Plaintiff's request, the Court finds that Plaintiff has nonetheless provided an adequate explanation.

Finally, it cannot be denied that Plaintiff's request comes late in these proceedings. However, for substantially the same reasons stated, Plaintiff's lack of diligence does not necessitate a denial with prejudice.

Defendant expresses a legitimate concern that it would be unfair to dismiss this matter without prejudice only to allow Plaintiff an opportunity to file this suit again. The Tenth Circuit has stated that "[w]hen a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him."[9] Defendant has not requested its attorneys' fees. Therefore, the Court will not impose them at this time, but may entertain such a request by Defendant should Defendant file a properly supported motion.

---

[9] *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997).

## III. CONCLUSION

It is therefore

ORDERED that this matter is dismissed without prejudice. The Clerk of the Court is directed to close this case forthwith.

DATED this 3rd day of July, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge